UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL STEVENSON,<br><br>    Defendant. | Case No.: CR 12-00666-PJH-1 (KAW)<br><br>REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |

Magistrate Judge Kandis A. Westmore recommends that the district judge accept Defendant Paul Stevenson's guilty plea entered in open court on January 9, 2013. On December 14, 2012, Defendant pleaded guilty to the initial plea agreement, which erroneously listed the charging document as an information rather than an indictment. So in an abundance of caution, the Court had Defendant enter a guilty plea pursuant to the corrected written plea agreement.

Specifically, on January 9, 2013, Defendant pleaded guilty pursuant to a corrected written plea agreement to Count One of the above-captioned indictment, charging Defendant with conspiracy to distribute, and to possess with the intent to distribute, 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. §§ 846, and 841(a)(1) and (b)(1)(B). The magistrate judge makes the following findings:

    1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing in magistrate court. Specifically, the magistrate judge advised him that he had a right to plead guilty in district court, and that he could waive that right and consent to enter his

plea in a plea hearing in magistrate court. The magistrate judge also advised him that she would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and that the district judge and not the magistrate judge would sentence him. The magistrate judge also advised him of the procedures (also set forth at the end of this recommendation) for challenging the magistrate judge's recommendation. The defendant then waived his right to proceed in district court in open court and in writing and consented to the magistrate judge's conducting the plea hearing.

2. The magistrate judge conducted a full plea hearing in the manner set forth in Federal Rule of Criminal Procedure 11. In particular, the magistrate judge reviewed, and the defendant acknowledged that he understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F). The court reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the sentence. *See* Fed. R. Crim. P. 11(b)(1)(N). The magistrate judge also determined that there was a factual basis for the guilty plea. *See* Fed. R. Crim. P. 11(b)(3).

3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and the magistrate judge advised the defendant as follows:

> A. The plea agreement was made pursuant to Rule 11(c)(1)(A). This means that if you plead guilty, the attorney for the government will not bring, or will move to dismiss, other charges, the district judge may accept the agreement, reject the agreement, or defer a decision until the district judge has reviewed the presentence report. To the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment. If the district judge rejects the provisions of the type specified in Rule 11(c)(1)(A), the judge will give you an opportunity to withdraw the plea. If the district judge rejects the plea agreement and you do not withdraw your plea, then the court may impose a more severe sentence without being bound by the plea agreement.
>
> B. The plea agreement was also made pursuant to Rule 11(c)(1)(B), this means that the Government agrees not to oppose your request that a particular sentence or sentencing range is appropriate or that a particular provision of the sentencing guidelines does or does not apply. In your plea agreement, the Government agrees

2

to recommend the guideline calculations set forth, unless you violate the terms of the agreement or fail to accept responsibility.  The terms of the plea agreement are merely sentencing recommendations to the court, and the district judge may reject the recommendations without permitting you to withdraw your plea of guilty, and may impose a sentence that is more severe without being bound by the plea agreement.

*See also* Fed. R. Crim. P. 11 (c)(3)-(5).

4.  The magistrate judge also addressed the defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than the promises in the plea agreement).   *See* Fed. R. Crim. P. 11(b)(2).

5.  After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty.  The magistrate judge found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis.  This court thus recommends to the district judge that it accept the defendant's guilty plea.

6. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

7. At the parties' request, this court set the matter for sentencing before the district court on March 6, 2013 at 1:30 p.m.

IT IS SO RECOMMENDED.

Dated: January 31, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3