UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

     v.

PAUL STEVENSON,

          Defendant.

Case No.  12-cr-00666-PJH-1

**ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE**

Re: Doc. No. 73

    Before the court is the motion of defendant Paul Stevenson to terminate supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Doc. no. 73.  The government filed an opposition, the Probation Office provided the court and the parties a written response, and defendant timely filed a reply brief.  The court determines that the matter is suitable for decision without oral argument, deems the motion submitted on the papers, and VACATES the motion hearing.  Defendant's request to continue the hearing is DENIED as moot.  Doc. no. 78.  Defendant's motion for early termination of supervised release is DENIED for the reasons set forth below.

**BACKGROUND**

    Defendant pled guilty to one count of conspiracy to distribute/possess with intent to distribute cocaine base.  On April 24, 2013, the court sentenced him to 12 months and 1 day in prison, and 5 years supervised release.  Defendant was released from custody and began his term of supervised release on September 13, 2013.  He contends that he has complied with virtually all the conditions of release.  He now seeks early termination of his 5-year supervised release term based on his good conduct since sentencing and in

the interests of justice.

**LEGAL STANDARD**

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."  *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).  After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  *See United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (early termination of supervision is warranted where the defendant demonstrates changed circumstances, such as exceptionally good behavior, that render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citation omitted).

**DISCUSSION**

Defendant contends that he has "virtually" complied with his conditions of supervised release for over two years, conceding two exceptions when he used cocaine (on May 19, 2014 and May 21, 2015), but has otherwise tested negative for drug use.  Probation also points out that on March 25, 2014, defendant tested positive for cocaine metabolite, of which the court took judicial notice.  Defendant also indicates that he

2

1    completed psychological testing at Anka Behavioral Health and continues to see his

2    psychiatrist and to take his psychotropic medications.  He contends that he meets the

3    criteria for suitability of early termination to be considered by probation officers as set

4    forth by the Administrative Office of the United States Court, including stable community

5    reintegration, progressive strides toward supervision objectives and in compliance with all

6    conditions of supervision, and no aggravated role, history of violence, recent arrests or

7    convictions, evidence of substance abuse or psychiatric episodes.  Doc. no. 73 at 4

8    (citing Guide to Judiciary Policy, Vol. 8, Part E: Supervision of Federal Offenders

9    (Monograph 109), Ch. 3 § 380.10).

10          The government opposes the motion for early termination.  Doc. no. 77.  The

11   government commends defendant's compliance with his conditions of release, and

12   argues that supervised release is serving its intended purpose of assisting him in his

13   transition to community life.  The government further argues that compliance with the

14   terms of supervised release is expected and does not amount to extraordinary success

15   on release.  The government points out that defendant did not graduate from the Reentry

16   Court program, but seeks reduction of supervised release by over two years, which is

17   more than double the one-year benefit earned by Reentry Court graduates.  The

18   government also argues that in light of defendant's two relapses in using cocaine,

19   continued supervision is a useful tool for providing defendant with accountability and

20   resources to prevent relapse.  The government would consider supporting modification or

21   reduction of restrictions, if appropriate, but opposes termination of supervised release.

22          Although defendant represented in his motion that the Probation Office did not

23   object to early termination, Probation recommends denying the motion because

24   continued supervision is necessary to monitor previously observed areas of concern:

25   (1) frequent unwarranted contact with a Magistrate Judge, which prompted defendant's

26   probation officer to explain professional boundaries; (2) lack of attendance in treatment

27   sessions; (3) frustrating behavior to both probation and treatment staff when he is

28   present; and (4) struggle to handle personal affairs in his day to day life.

The court determines that while defendant's progress since his release from custody is commendable, he has not demonstrated exceptionally good behavior or other circumstances warranting termination pursuant to § 3583(e)(1).  The court notes that the § 3553(a) factors that were considered at the time of sentencing have not changed significantly.  While a defendant is not required to show that supervised release poses an undue hardship, "a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.  Here, defendant has not articulated how any of the supervised release conditions interfere with his continued progress or integration into the community.  Moreover, defendant received the benefit of several of the arguments he is now making at the time he was sentenced.  The government and Probation had requested a sentence of 46 months followed by five years supervised release, representing the low end of the applicable guideline range.  Defendant requested a variance to a sentence of 9 months followed by five years supervised release.  The court granted the variance and sentenced him to 12 months and 1 day with five years supervised release.  The court determined that a longer custodial sentence was not necessary in light of all of the relevant sentencing factors and precisely because defendant would be serving a substantial term of supervised release which the court deemed to be a superior sentence in light of defendant's rehabilitative efforts and the evolving policies of the Justice Department regarding non-violent drug offenders.  The court agrees with the government and Probation that continued supervision will serve further deterrent and rehabilitative purposes.  Defendant's conduct and the interest of justice do not warrant early termination of supervised release at this time.

\\

\\

United States District Court
Northern District of California

**CONCLUSION**

The motion of defendant Paul Stevenson for early termination of supervised release is DENIED.

**IT IS SO ORDERED.**

Dated:  June 23, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge